UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-61529-COOKE/BANDSTRA

SUN COMMODITIES, INC.,

    *Plaintiff*,

v.

MIAMI PRODUCE INTERNATIONAL
IMPORT & EXPORT, CORP., *et al.*,

    *Defendants*.

_____/

**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING
ORDER WITHOUT NOTICE AND SETTING HEARING ON
MOTION FOR PRELIMINARY INJUNCTION**

This matter is before me on Plaintiff's Motion for Temporary Restraining Order Without Notice [D.E. 6]. I am granting the motion for the reasons stated below.

### *I.  BACKGROUND*

Plaintiff seeks injunctive relief under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(4), for Defendants alleged failure to pay for $65,372.10 worth of perishable agricultural commodities sold. The injunctive relief seeks to prevent Defendant from dissipating the PACA trust assets.

Plaintiff alleges that Defendant Miami Produce International Import & Export, Corp. ("Miami Produce") is going out of business. Miami Produce bounced multiple checks, which were signed by the company's President. As a result, Plaintiff hired BNC Asset Recovery and Management, Inc. ("BNC") to collect the balance due on Miami Produce's account. At first, the company's President made several payments to BNC; but after a while, he began ignoring BNC,

which prompted Plaintiff to sue. Plaintiff further alleges that Miami Produce's phone number has been disconnected; the sign "Miami Produce" on one of its trucks has been painted over; it has been administratively dissolved by the Florida Secretary of State; and its President recently stated that he no longer works for the business.

## II.  LEGAL STANDARD

I can only issue a temporary restraining order without written or oral notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The order must describe the injury and state why it is irreparable. Fed. R. Civ. P. 65(b)(2). It must also state why the order was issued without notice. *Id.*

## III.  DISCUSSION

Plaintiff has presented the Affidavits of Mark DelPerci (Plaintiff's salesperson), Almo Cattani (a BNC employee), and Robert E. Goldman (Plaintiff's attorney). From Mr. DelPerci's affidavit, it clearly appears that Plaintiff is a produce seller and trust creditor of Miami Produce under PACA and has not been paid for produce in the total amount of $65,372.10. It is also clear from all three affidavits that Miami Produce is in financial jeopardy and the PACA trust assets are threatened with dissipation. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990). Moreover, Miami Produce may not be in a position to pay creditor's claim, thereby warranting the relief Plaintiff requests.

On the basis of the pleadings, affidavits and other submissions Plaintiff has filed in this matter, it appears that Plaintiff will suffer immediate and irreparable injury due to said Defendants'

dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief. Therefore, I am of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendants of the pendency of this Motion, trust assets will be further threatened with dissipation before the Motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411, *J.R. Brooks & Son, Inc. V. Norman's Country Market, Inc.*, 98 B.R. 47 (Bankr. N.D. Fla. 1989). Entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust. 7 U.S.C. § 499e(c)(5). In accordance with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

Based on the foregoing, I find that Plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this Order is granted without notice.

### IV.  CONCLUSION

Accordingly, I order as follows:

1. Defendant Miami Produce, its agents, officers, subsidiaries, assigns, banking and financial institutions and all persons in active concert or participation with Miami Produce, including its President Alexis del Toro, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provision of the PACA without the agreement of Plaintiff, or until further order of this Court.

2. Under § 499e(c)(2) of PACA, the assets subject to this Order include all of the assets of Miami Produce unless Miami Produce can prove that a particular asset is not derived from

perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided, however, Miami Produce may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without the right of set-off, on the condition that Miami Produce maintains the proceeds of such sale subject to this Order.

3. This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

4. Plaintiff shall not be required to post or give any security in view of the fact that Defendants now hold $65,372.10 of PACA trust assets which belong to Plaintiff and that this Order merely requires said Defendants to obey the requirements set forth under the PACA.

5. This Temporary Restraining Order is entered this 7th day of October 2008 at 12:00 p.m. and shall expire within TEN (10) DAYS from the date of its issuance, unless extended for good cause shown upon motion duly filed and served on all parties. Plaintiff is directed to immediately serve the Defendants, or their resident agent, or their counsel, with a copy of this Order.

6. A hearing shall be held on October 15, 2008 at 11:30 a.m. on Plaintiff's Motion for Preliminary Injunction [D.E. 5].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of October 2008.

_____
MARCIA G. COOKE
United States District Judge

cc:

*The Honorable Ted E. Bandstra*

*All counsel of record*